# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
# JACKSON DIVISION

**LELA G. BARNES**                                                                                       **PLAINTIFF**

**VS.**                                                 **CIVIL ACTION NO. 3:10CV477-HTW-LRA**

**SECRETARY, DEPARTMENT OF TREASURY**                                          **DEFENDANT**

---

## REPORT AND RECOMMENDATION OF
## UNITED STATES MAGISTRATE JUDGE

On August 27, 2010, Lela G. Barnes [hereinafter "Plaintiff"] filed a Complaint [ECF No. 1] in this Court charging the Internal Revenue Service with improperly denying her 2004 amended tax return. On the same date, she filed a Motion to Proceed *In Forma Pauperis* [ECF No. 2] requesting that the prepayment of filing fees and costs be waived pursuant to 28 U.S.C. § 1915.

After a review of the sworn Financial Affidavit filed with the Court, it is the opinion of the Magistrate Judge that Plaintiff is not indigent under the law and should not be allowed to proceed *in forma pauperis*. Plaintiff, who has a college education, is currently employed by the United States Department of Transportation and makes a monthly salary of $3,242.00. She has been employed there since 1985. She has a checking account at Regions with approximately $1600 in it; after her bills are paid, she will only have $100. She lives on the property of a relative and has no rent or house payment. Her expenses are approximately $1,930 per month. She helps pay private school tuition for a nephew, and that is $250 per month of her expenses. Plaintiff's monthly church tithe in the amount of $320 per month is also included in her living expenses. She owns a 1996 Honda Accord.

Section 28 U.S.C. §1915(a)(1) is intended to provide access to federal courts for plaintiffs who lack the financial resources to pay any part of the statutory filing costs. *See Williams v. Estelle*, 681 F.2d 946 (5th Cir. 1982); *Prows v. Kastner*, 842 F.2d 138 (5th Cir. 1988). This Court, in exercising its discretion, has considered the following factors:

> Is the plaintiff barred from the federal courts by reason of his impecunity? *Souder v. McGuire*, 516 F.2d 820 (3rd Cir. 1975);
>
> Is access to the courts blocked by the imposition of an undue hardship? *Startti v. United States*, 415 F.2d 1115 (5th Cir. 1969); and,
>
> Is the plaintiff forced to contribute his last dollar, or render himself destitute to prosecute his claim? *Adkins v. E.I. DuPont de Nemours & Co.,* 335 U.S. 331, 337 (1941).

Considering the circumstances of Plaintiff, particularly the fact that she is employed, the Court finds that she could pay filing costs without undue financial hardship if given ninety days to pay the filing fees. She will not be rendered destitute by paying the filing fees, as she does have a place to reside, a motor vehicle, and a monthly income. She will not be barred from the federal courts due to her lack of financial resources. Hence, it is the recommendation of the undersigned that Plaintiff's motion to proceed *in forma pauperis* be denied and that she be given ninety days to pay the filing fees in this cause. All of the costs associated with the filing of this lawsuit should be paid on or before **December 17, 2010**, or this case should be dismissed without prejudice.

The parties are hereby notified that failure to file written objections to the proposed findings, conclusions, and recommendations contained within this report and recommendation within fourteen (14) days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the District Court. 28 U.S.C. § 636; Fed. R. Civ. P. 72(b)(as amended, effective December 1, 2009); *Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996).

This the 16th day of September, 2010.

                                              S/ Linda R. Anderson
                                     UNITED STATES MAGISTRATE JUDGE